UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        CASE NO. 8:19-cr-104-T-33AEP

v.

EDUAR VIVAS RODRIGUEZ ,

    Defendant.

_____/

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

Defendant, Eduar Vivas Rodriguez, by and through undersigned counsel, and pursuant to the Federal Rules of Criminal Procedure, files this Sentencing Memorandum setting forth factors the Court should consider in determining Mr. Vivas Rodriguez's sentence, and states as follows:

**PROPOSED GUIDELINE CALCULATION**

For the reasons detailed below, Defendant proposes that the Court adopt the following guideline calculation:

| | |
|---|---|
| **Base Offense Level** | 38 |
| **USSG §2D1.1(b)(18)** | -2 |
| **Acceptance of Responsibility** | -3 |
| **Criminal History Category** | I |
| **Total Offense Level** | 33 |
| **Guidelines Range** | 135 - 168 months |

**I.    THE APPLICABLE SENTENCING STANDARD**

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps. The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Court should then impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); see also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise "reasoned sentencing judgment" by making "an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*.  In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is reasonable." *Id*. at 589.  In holding that appellate courts may not apply a presumption of unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id*. at 597.

In this case, a sentence of 87-months imprisonment is consistent with the goals of sentencing and will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the conduct. 18 U.S.C. § 3553(a)(2)(A).

## II. SENTENCING GUIDELINE APPLICATION

### A. Base Offense Level and Adjustments in the PSR

Mr. Vivas Rodriguez pled to an offense involving 1,693 kilograms of cocaine. Under U.S.S.C. § 2D1.1(c)(1), that weight of cocaine carries a base offense level of 38. The Base Offense Level and variations set forth in paragraphs 23 to 33 of the PSR (Doc. 104) are not in dispute.

## III. SENTENCING FACTORS UNDER 18 U.S.C. § 3553

After determining an advisory guideline range, the Court should then consider the factors listed in 18 U.S.C. § 3553(a). Among those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need for deterrence; (4) the kinds of sentences available; and (5) the need to avoid unwanted sentencing disparities. See *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Mr. Vivas Rodriguez is a 31-year old Colombian native with a first-grade education and no criminal history. The defendant advised that his " family had limited financial resources, and there was never enough money for daily meals, school, or other necessities. He explained that his father was "very hard" on the defendant during his childhood and his father hit him with a belt buckle." PSR ¶ 42. Financial strain and the need to provide for his family drove him to involvement in this conspiracy.

Based on the factors under 18 U.S.C. § 3553(a), Mr. Vivas Rodriguez respectfully requests that the Court impose a sentence of 87 months based on a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

## CONCLUSION

For all the above reasons, Mr. Vivas Rodriguez respectfully requests that the Court find his total offense level under the guidelines to be 29 and sentence him to 87 months in prison, waive any fine, and impose a supervised release term corresponding to the minimum allowed by law.

Dated: May 1, 2020                                      Respectfully submitted,

                                                        KOTLER LAW FIRM

                                                        */s/ Yuli Kotler*
                                                        Yuli Kotler, Esq.
                                                        FL Bar No. 109505
                                                        P.O. Box 22411
                                                        St. Petersburg, FL 33742
                                                        (732) 690-3025
                                                        kotlery@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 1st day of May, 2020:

AUSA Diego Fontes Novaes
Diego.Novaes@usdoj.gov